MICHAEL O'CONNER, plaintiff in error, *vs.* JOHN MULLEN, defendant in error.

*Error to Sangamon.*

11    57
e100a²128

It is erroneous to enter a judgment in damages, where the action is debt.

Circuit Courts have authority to allow amendments to their records, during the term at which a judgment is rendered, without notice; and they may allow amendments in matters of form, at a subsequent term, if notice, actual or constructive, has been given to the opposite party.

Mullen commenced this action in the Sangamon county Circuit Court, by capias, causing O'Conner to be held to bail, and filed his declaration in debt. On the 20th day of March, at the March term, 1846, the defendant, O'Conner, being in default, a a writ of inquiry was awarded, and the jury assessed the plaintiff's damages at two hundred dollars. It was thereupon adjudged "that the plaintiff recover of and from the said defendant the sum of two hundred dollars, for his damages, assessed as aforesaid," and his costs, &c. This proceeding was before Treat, Judge. An amended record shows, that at the August term, 1849, of the said Sangamon county Circuit Court, on motion of plaintiff, the judgment rendered in this cause, at the March term, 1846, was amended so as to make it a judgment that the plaintiff recover of the defendant five hundred dollars, the debt in the plaintiff's declaration mentioned, to be discharg-

O'Conner *vs.* Mullen.

ed by the payment of two hundred dollars—the damages assigned by the jury. It was further ordered that the judgment by default be so amended as to state that the plaintiff recover of the defendant five hundred dollars, the debt in the declaration mentioned, to be discharged by the payment of such damages as he has sustained by reason of the breach. The proceedings upon the amended record were before Davis, Judge. O'Conner sued out the writ of error, and assigns for error, that the verdict and judgment are in damages, when they should have been in debt and damages; and that the Court had no authority to make the order amending the judgment, because the defendant below had not any notice of the motion to amend.

E. N. POWELL, for plaintiff in error:

The whole proceedings in the Court below were erroneous. The first judgment was clearly wrong. The amendment of the record, without notice to the plaintiff in error, was equally wrong. 2d Gilman, Sears *vs.* Low.

S. T. LOGAN, for defendant in error:

The clerk was guilty of a misprison in entering up the first judgment; this was, therefore, subject to be corrected. No complaint that amended judgment is for too large an amount.

It was simply correcting the judgment in a matter of form. The means of correcting the judgment are in the record; no new matter of fact was to be furnished, or new inquiry instituted. The defendant, if he had been notified, could not possibly offer any objection to the amendment, and therefore notice to him was unnecessary and useless.

POWELL, in reply:

It was an amendment which might affect the rights of the parties, and therefore notice was necessary. Resort should have been had to this Court to correct the error. The error was incurable in the Court below. Heyl *vs.* Stapp, 3 Scam., 95; Jones *vs.* Loyd *et al.*, Breese, 174.

Opinion by Mr. Justice TRUMBULL:

This was an action of debt, commenced by capias, which was duly served upon O'Conner, who was the defendant below.

The declaration is upon a bond for the conveyance of land, and claims five hundred dollars debt, and three hundred dollars damages. Judgment was entered by default, a writ of inquiry awarded, and the damages assessed at two hundred dollars; whereupon the Circuit Court, at its March term, 1846, entered judgment that the " plaintiff recover of and from the defendant the sum of two hundred dollars, for his damages assessed as aforesaid," but omitted to enter any judgment for the debt. This Court has repeatedly decided, that it is erroneous to enter up judgment in damages, when the action is debt. Mayer *vs.* Hutchinson, 2 Gil., 266.

To obviate the objection to the form of the judgment, the defendant in error, since the record has been pending in this Court, has had the judgment amended in the Circuit Court, so as to make it a judgment for the debt, in the declaration mentioned, to be discharged upon the payment of the damages assessed by the jury; and the amended record is now filed in this Court. The amendment was made at the August term, 1849, of the Sangamon Circuit Court, and it is objected, that that Court had no authority to make the amendment at a term subsequent to the one when the judgment was rendered; or, if it had such authority, that it was erroneous to allow the amendment, except on notice to the opposite party. As to the first point, we have no doubt of the authority of the Circuit Court to allow the amendment. It was the correction of a judgment in a matter of form only—of a mere clerical error, which all courts have the power, in their discretion, at any time to allow. The case of Hunter *vs.* Sherman, 2 Scam., 539, is decisive of this point. But in that case, which shows the amendment of a record in a similar manner, and under similar circumstances as in this, it will be observed that notice was given of the application to amend, and we think notice should have been required in this case also. During the term that judgment is rendered, and while the record is before the Court, an amendment of this character could properly be made without special notice to the opposite party, as he is then in Court, but after the term is passed at which the judgment is rendered, the parties are no longer before the Court, and have a right to regard the case as finally disposed of. If amendments are allowed at subsequent terms, it should only be upon actual or such constructive notice to the opposite par-

ty, by advertisement or otherwise, as the Court where the application is made may prescribe, when the parties are so circumstanced as to render it impracticable to give actual notice. Between the time of the entry of the original judgment and making the amendment, rights of third persons may intervene, or those of the parties may be so altered as to be affected by the amendment. Hence the importance of giving notice, so that the court may, if it thinks proper, allow the amendment, upon such terms as the parties may be able to show will be just in the premises. It is a fundamental principle, that a party is never to be proceeded against, and his rights judicially determined, without notice; and an order or judgment entered against him in a matter whereof he has not been actually or constructively notified, has been held a nullity, even though no notice was expressly directed by statute. Chase *vs.* Hathaway, 14 Mass., 222.

It may be, that in this particular case, the defendant below, if notified and present, could not have shown any reason why the amendment should not have been allowed, but in some other case it may so happen that a good reason may exist, why a judgment should not be amended at a subsequent term, even so as to correct a formal or clerical error, except it be upon terms so as to protect intervening rights. The law acts by general rules, and will not allow an amendment to be made without notice to-day, and require notice to-morrow, where the cases are essentially the same.

To allow a party, after a lapse of several years from the time judgment was entered, to come into Court, and on his *ex parte* motion, without notice to the opposite party, amend the record, would be establishing a most dangerous rule, and rendering the records of the Courts, which should be fixed and stable, altogether uncertain and unreliable.

The judgment of the Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*