THE ILLINOIS LAND AND LOAN CO., Impleaded, etc.,

*v.*

CYRUS H. McCORMICK *et al.*

1. SERVICE, *by special deputy.* The authority of a special deputy sheriff to serve a summons, under the act of March 25, 1869, must be by written appointment of the sheriff.

2. AMENDMENT, *of decree at subsequent term.* Upon the rendering of a final decree in a chancery suit, one of the defendants took an appeal therefrom to this court. After the record was filed in this court, and errors assigned thereon, at the instance of appellees, complainants below, the decree was amended at a subsequent term to the one at which it was rendered, so as to exclude appellant from its force: *Held,* such practice was irregular, and should not have been permitted, and this court could only decide on the original record.

APPEAL from the Circuit Court of Cook county.

This was a bill in chancery, filed by Cyrus H. McCormick and others against The Illinois Land and Loan Company and Mary Jane Hart and others, to foreclose a mortgage made by the husband of the said Mary Jane Hart, on lands in Cook county.

The bill alleges default in payment, the decease of the mortgagor, heirship of all the defendants except the Illinois Land and Loan Company, and makes said company a party defendant upon the allegation that it has, or claims, some interest in the premises under a tax title.

Summons issued to the sheriff of Cook county, and was returned served by a special deputy.   Under that service, default was entered against the defendants, including the Illinois Land and Loan Company, and a decree in favor of the complainants for the amount claimed to be due on the mortgage, ·requiring the defendants to pay the amount within a certain time, and in case of default that the land be sold by the master in chancery at public auction.

From this decree an appeal was prayed by The Illinois Land and Loan Company to this court.   After the record had been brought here and errors assigned, one of which was, that the court erred in decreeing that the defendants, The Illinois Land and Loan Company, amongst others, should pay the amount found due to complainants, when there was no allegation in the bill of the indebtedness of said company to complainants, and none upon which such a decree could be founded, the solicitor of appellees, complainants in the court below, went into the circuit court and amended the decree by excepting the Illinois Land and Loan Company from the requirement to pay the moneys mentioned in said decree.

This action was had at the September term, 1871, of the circuit court of Cook county, several terms of said court having elapsed after the entering of the final decree, and after the cause was pending and docketed in this court, and errors had been assigned, as aforesaid.

The appellees, on motion, filed in this court a transcript of the amended record of the court below.

Mr. GEORGE SCOVILLE, for the appellant.

Messrs. JEWETT, JACKSON & SMALL, for the appellees.

Per CURIAM: Appellant and other defendants in the court below were served with summons by a special deputy.

The statute, which authorizes the appointment of a special deputy, requires that the appointment shall be indorsed upon or attached to the summons, and shall be signed by the sheriff. Gross, (1869) 718. The law clearly intends a written appointment.

The record before us shows that the sheriff did not comply with the statute, and the service by the deputy was without proper authority.

After the record was filed in this court, and errors assigned, the decree was amended in the court below, at a term subsequent to the one at which it was rendered, so as to exclude appellant from its force.

This practice was irregular, and should not have been permitted; and, in this instance, we must decide upon the original record.

The decree is reversed and the cause remanded.

*Decree reversed.*