## CHARLES ROSS

### *v.*

## JOHN TAYLOR.

1. VERDICT AND JUDGMENT *in debt—their requisites.* A verdict and judgment in damages where the action is debt is erroneous.

2. JUDGMENT *in Supreme Court, on improper verdict below.* Nor will this court, where such a verdict is returned and judgment rendered thereon in the court below, even though all the evidence therefor is before it in the record, give judgment in the proper form, as no judgment can be rendered on such finding of the jury.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of debt, brought by Taylor against Ross, upon a certain written agreement. A trial was had before the court and a jury, when the following verdict was returned:

"We, the jury, find for the plaintiff, and assess his damages at $480."

To this verdict, and the form thereof, the defendant excepted, and filed his motion for a new trial, but the court overruled the motion and gave judgment on the verdict of the jury. The defendant appeals.

Mr. JAMES A. EADS, for the appellant.

Mr. R. N. BISHOP, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The error assigned in this case is, that the action was debt, and a verdict and judgment in damages.

That this is error has been so often adjudged by this court that argument is unnecessary. It is matter of substance, and not of form. *Jones* v. *Lloyd et al.* Breese, 225; *Jackson* v. *Haskell*, 2 Scam. 565; *Howell* v. *Barrett*, 3 Gilm. 433; *O'Conner* v. *Mullen*, 11 Ill. 57; *Chapman* v. *Wright*, 20 ib. 120, and other cases.

Appellee, however, insists that, if this be error, this court will give judgment in the proper form, all the evidence therefor being before it in the record, and refers to *Guild et al.* v. *Johnson*, 1 Scam. 405. That is a *per curiam* opinion, and no reasons assigned for so ruling.

This court has, on one or more occasions, rendered such a judgment here, as the court below should have rendered. But here is a finding of a jury on which no judgment could be rendered. *Frazier et al.* v. *Laughlin et al.* 1 Gilm. 347.

For this error the judgment must be reversed and the cause remanded.                 *Judgment reversed.*