JOHN H. DUNHAM

*v.*

THE SOUTH PARK COMMISSIONERS.

87   185
121   258
22a   372
87   185
158   194
87   185
55a   210
87   185
98a   5634

1. APPEARANCE—*as a waiver of notice.* Where a party appears and opposes a motion to amend the record of a cause without objection to the manner or sufficiency of the notice to him, he can not be allowed to urge the want of proper notice as a ground of error in the proceedings.

2. AMENDMENT—*of record after the term.* An amendment of the record of a cause, so as to make the *placita* show that only one judge presided at the trial of a case instead of the five judges in Cook county, is not a material or substantial one, and may be made after the close of the term, on proper notice. Such an amendment has no relation to the merits of the action or any finding or judgment of the court, and goes only to the form.

3. While a cause is pending and the parties in court, the record and proceedings are under the control of the court, and all entries and orders may be changed or set aside at the term they are made, but after the term the power of the court over the record is confined to errors and misprisions of the clerk or other officers, and these may be corrected at any time on notice, and saving all intervening rights.

4. SAME—*after supersedeas on error.* The suing out of a writ of error and making the same a *supersedeas,* is no obstacle to the amendment of a record in a matter of form, and the error assigned may be obviated by such amendment.

5. SAME—*without anything in record to amend by.* The judge who tried a cause may allow an amendment of the record to show that he alone presided at the trial, even though there is nothing appearing by which to amend. It may be allowed on the judge's own personal knowledge of the fact.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. HARRISON & WHITEHEAD, for the plaintiff in error.

Mr. F. H. KALES, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is a writ of error to the circuit court of Cook county, to bring up the record and proceedings of that court, had at the July term, 1877, in a case in which the South Park Commissioners were plaintiffs, and John H. Dunham and others defendants, and in which there was an amendment of the record of a prior term of that court, and to which Dunham excepted.

It appears that at the June term of that court, held in 1872, the South Park Commissioners had applied to that court for a confirmation of a special assessment made on the real estate of Dunham and others, for the purposes of the South Park, which was granted by the court.

In May, 1877, Dunham sued out a writ of error, which was made a *supersedeas,* to reverse this judgment, the error relied on being that the record of those proceedings showed that all five of the judges of the Cook circuit court sat in the proceedings and participated in the judgment and orders entered therein.

The cause being thus pending in this court, in July thereafter the South Park Commissioners, then defendants in the writ of error, gave notice to the attorneys of Dunham, the plaintiff in error, that they would make application to the circuit court to correct the record, so as to conform to the truth, namely: that said term of the circuit court was held and presided over by Erastus S. Williams alone, who was one of the judges of that circuit, and the proceedings had before him alone.

Dunham appeared to the motion, and such proceedings were had as to result in an amendment erasing the recital of the presence of five judges, as in the original record. On a suggestion of diminution of the record, this court allowed a *certiorari* to the circuit court, and this corrected and amended record is the return thereto, and they insist that the amendment so allowed obviates the objection made to the original record.

Plaintiff in error takes a contrary view, and insists the circuit court had no power to amend the record in a material point, or as to any matter of substance, after the term at which the final order was made, unless there be something to amend by, in support of which he cites very many cases decided by this and other courts. He also makes the point, that the circuit court had no power to make this amendment after a writ of error had been made a *supersedeas*, and that the record, when amended, was not within the jurisdiction of the circuit court; and, further, that proper and sufficient notice of the application for the amendment was not given.

We will consider these errors together. As to the sufficiency of the notice, it appears plaintiff in error appeared and opposed the granting of the motion, and introduced testimony on his part, no objection being then made to the manner or sufficiency of the notice. The amendment proposed had no relation to the merits of the action pending, or to any finding, decree or judgment of the court, but was really and substantially a misprision of the clerk in a matter pertaining to his own duty.

It is difficult to understand why the clerks of this court and of the Superior Court should have made up the *placita* as they did, when the slightest understanding of their duty would have admonished them of the proper form; but for some inscrutable reason they made the record to show, in every case brought here, that the five judges of the circuit court, naming them, or the three judges of the Superior Court, naming them, were present at each trial. The proceeding was so absurd as to demand the attention of plaintiff in error, and this mode of doing business was erroneous, and it was so held in *Jones* v. *Albee,* 70 Ill. 34, *Hall* v. *Hamilton,* 74 ib. 437, *Owen* v. *Stevens,* 78 ib. 462, and other cases. Though erroneous, irregular and improper, yet it was held it did not affect the jurisdiction in the particular case.

We are disposed to regard this absurd manner of making up the record as clerical error and nothing more, going to the formality of the proceedings, and as amendable at any time, after notice. The general rule is, undoubtedly, that courts, while a cause is pending and the parties before them, have control over the record and proceedings in the cause, and have jurisdiction over their judgments and final orders of a pending term, and may, while the cause is depending and the parties in court, amend or set them aside for cause. But after the term, the power is confined to errors and mistakes of their officers, and these may, at any time, upon notice to parties in interest, and saving all intervening rights, be corrected, so as to make the record conform to the fact. There are numerous cases in this court to this effect. *Frink* v. *King,* 3 Scam. 144; *Lampsett* v. *Whitney,* ib. 170; *Duncan* v. *McAfee,* ib. 93; *Robb* v. *Bostwick,* 4 ib. 116; *Atkins* v. *Hinman,* 2 Gilm. 437; *Lyon* v. *Boilvin,* ib. 629; *O'Conner* v. *Mullen,* 11 Ill. 57; *Loomis* v. *Francis,* 17 ib. 206; *Cook* v. *Wood,* 24 ib. 295, and subsequent cases. The Statute of Amendments and Jeofails also authorizes the amendment in question. Ch. 7, Rev. Stat. 1874, secs. 2 and 9.

That suing out a writ of error, and making the same a *supersedeas*, is no obstacle to the amendment, is settled by *Jones* v. *Albee*, 70 Ill. 34, *Terry* v. *Eureka College*, ib. 236, and *Owen* v. *Stevens*, 78 ib. 462, cited by appellee. A reference to these cases will show that in all of them the amendments were made after the causes had been docketed in this court, and the amended records brought here in the same way this record was brought. We do not think the case of *Illinois Land and Loan Co.* v. *McCormick et al.* 61 Ill. 322, cited by plaintiff in error, is hostile to these views, as, in that case, it was sought to amend by changing the finding of the court, making really a new and different case. Not so here. Here was a misprision of the clerk, and upon the point the court had nothing to amend by,—as suggested by plaintiff in error, as it was mere form the judge could amend from his own personal knowledge that he alone sat in the cause and granted the order. It was a matter of conscience with the judge, and of his own consciousness also, and an amendment like this, made under such circumstances, is all sufficient.

Finding no error in this record, the judgment is affirmed.

*Judgment affirmed.*