In re APPLICATION OF THE COUNTY TREASURER AND ex officio COUNTY COLLECTOR, for Judgment of Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1994 and Prior Years (Dennis D. Ballinger, Respondent-Appellant).

Fourth District No. 4—99—0119

Argued August 25, 1999.—Opinion filed September 7, 1999.

John Barr (argued), of Barr & Barr, of Decatur, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, John X. Breslin, and David O. Edwards (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In March 1998, respondent, Dennis Ballinger, was served with a "take notice" informing him that certain of his real estate had been sold to the Macon County trustee (Trustee) for delinquent taxes. Bal-

linger timely filed a redemption under protest on the ground that the take notice was not properly served. In January 1999, upon the Trustee's motion, the trial court dismissed Ballinger's redemption under protest. Ballinger appeals, claiming that because the Property Tax Code (Tax Code) requires a "sheriff" (or coroner) to serve take notices (35 ILCS 200/22—15 (West 1998)), his notice, which had been served by a deputized civilian, was not in "strict compliance" with the Tax Code. 35 ILCS 200/22—40 (West 1998). We affirm.

## I. BACKGROUND

The Tax Code allows a county to purchase delinquent taxes that have gone unsold for two or more years. 35 ILCS 200/21—90 (West 1998). In November 1995, Joseph Meyer, as the Trustee's agent, purchased delinquent real estate taxes on Ballinger's property. In December 1997, those taxes remained unpaid. That month, the Trustee filed a petition for an order directing issuance of tax deeds on approximately 720 Macon County properties, including Ballinger's.

On December 16, 1997, Macon County Sheriff Lee Holsapple, acting pursuant to section 3—6011 of the Counties Code (55 ILCS 5/3—6011 (West 1998)), signed and dated a certificate appointing four individuals as special deputies to serve process on respondents in the Trustee's tax-deed proceeding. William J. Krieger was one of the four individuals appointed.

On December 22, 1997, the Trustee filed a motion requesting that the same four individuals be appointed private process servers pursuant to section 2—202 of the Illinois Code of Civil Procedure (Civil Code) (735 ILCS 5/2—202 (West 1998)). On December 23, 1997, Judge John K. Greanias granted the motion as follows:

"Pursuant to the provisions of 735 ILCS 5/2—202, the aforesaid individuals are HEREBY APPOINTED as private process servers, and may make their returns by affidavits, as therein provided, and their respective Special Deputy appointments need not be endorsed upon the face of each notice to be served by them herein, but, instead, each appointment may be filed of record herein."

On February 5, 1998, Krieger served Ballinger with a take notice conforming with section 22—10 of the Tax Code. 35 ILCS 200/22—10 (West 1998). On March 30, 1998, Ballinger filed a redemption under protest, alleging (1) "[n]otices were not properly served pursuant to the Tax Code"; and (2) "the tax deed petitioner failed to comply with the provisions of the [Tax Code] relating to the issuance of tax deeds."

On May 27, 1998, Judge Greanias conducted a hearing on Ballinger's redemption under protest. After Holsapple testified and the court gleaned that the propriety of its prior appointments was at issue, Judge Greanias recused himself.

On May 28, 1998, the Trustee filed a motion to strike Ballinger's redemption under protest and dismiss the case. Following a September 1998 hearing, the trial court granted the Trustee's motion. In January 1999, the court filed a written order. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

■ Because this case presents no questions of fact and our decision turns on the proper interpretation of statutes, we review the trial court's ruling *de novo*. *People v. 1946 Buick*, 127 Ill. 2d 374, 378, 537 N.E.2d 748, 750-51 (1989).

### B. Ballinger's Claim That a Special Deputy Is Not a "Sheriff" Under the Tax Code

Ballinger argues that the Tax Code requires (1) take notices be served by a "sheriff" (35 ILCS 200/22—15 (West 1998)) and (2) strict compliance with the notice provisions of the Tax Code pursuant to section 22—40 (35 ILCS 200/22—40 (West 1998)), with the result that service by anyone other than the sheriff or a uniformed deputy is deficient. In response, the Trustee argues that Illinois statutes use the word "sheriff" to include special deputies. We agree with the Trustee.

■ In interpreting statutes, the Statute on Statutes "shall be observed, unless such construction would be inconsistent with the manifest intent of the General Assembly or repugnant to the context of the statute." 5 ILCS 70/1 (West 1998). Section 1.08 of the Statute on Statutes defines the term "sheriff" as follows: " 'Sheriff,' *** may include any deputy or other person performing the duties of such officer, either generally or in special cases." 5 ILCS 70/1.08 (West 1998). Krieger was deputized to perform the duties of a sheriff in a special case—that is, to serve notice on respondents in the Macon County tax proceeding. Thus, Krieger was a "sheriff" within the meaning of the Tax Code and was authorized to serve the take notice on Ballinger.

Ballinger contends that application of the Statute on Statutes' definition of "sheriff" is "inconsistent with the manifest intent of the General Assembly" (5 ILCS 70/1 (West 1998)) and cites one sentence of text from the transcript of senate debates on the 1976 amendments to the Tax Code to support his contention. 79th Ill. Gen. Assem., Senate Proceedings, June 25, 1976, at 158-60. We are not persuaded that this statement is dispositive on the meaning of the statutory language or the intention of the legislature as a whole. See *People v. Ferrell*, 277 Ill. App. 3d 74, 77, 659 N.E.2d 992, 994-95 (1995) (legislative intent is best determined by the language of a statute, not by speeches made on the floor of legislative chambers).

Moreover, we turn to legislative history as an interpretive aid only when the language of a statute is ambiguous. *Augustus v. Estate of Somers*, 278 Ill. App. 3d 90, 97, 662 N.E.2d 138, 143 (1996). The language of section 22—15 is not ambiguous. Statutory interpretation frequently requires reference to a separate section of definitions. Such organization of a statutory scheme does not render the statute's language ambiguous; instead, such a framework is designed to avoid a finding of ambiguity. Because the word "sheriff" in section 22—15 of the Tax Code is not ambiguous, we need not consider legislative history.

## C. Ballinger's Claim That the Service of Process Was Deficient

■ Ballinger next argues that even if Krieger was authorized to serve the take notice, service was not properly executed under section 3—6011 of the Counties Code. Section 3—6011 of the Counties Code provides as follows:

> "A sheriff may appoint a special deputy to serve any summons issued out of a court, by indorsement thereon, substantially as follows: 'I hereby appoint ... my special deputy, to serve the within process,' which shall be dated and signed by the sheriff." 55 ILCS 5/3—6011 (West 1998).

Specifically, Ballinger claims that Krieger's service of the take notice was not properly authorized under this section because (1) a take notice under section 22—10 of the Tax Code is not a "summons issued out of a court"; and (2) Holsapple indorsed only one certificate of deputy appointment instead of indorsing each individual take notice. We are not persuaded.

### 1. *Ballinger's Claim That the Notice Was Not a Summons*

■ A summons by any other name is still a form of process, and a take notice under section 22—10 of the Tax Code serves the same function as does any other summons. The objectives of any service of process are (1) to notify interested parties of pending litigation, and (2) to vest jurisdiction in the court. *Charter Bank & Trust v. Novak*, 218 Ill. App. 3d 548, 552, 578 N.E.2d 629, 631 (1991). Likewise, a take notice under section 22—10 of the Tax Code informs the intended recipient of (1) the commencement of an action against property in which he or she has an interest; (2) the time frame in which the property may be redeemed; and (3) the hearing date. 35 ILCS 200/22—10 (West 1998). Such a notice is likewise similar to other summons in that it must be properly served before the court can take action, in this case, issuance of a tax deed. 35 ILCS 200/22—10 (West 1998). (Here, the court's jurisdiction is not at issue because in this *in rem* proceeding the court acquired jurisdiction when the County applied for judgment and order of sale. *In re Application of the County Treasurer & ex officio County Collector*, 194 Ill. App. 3d 721, 724, 551

N.E.2d 343, 346 (1990).) Accordingly, we conclude that the take notice served on Ballinger was a "summons out of court," the service of which was properly accomplished by a special deputy.

### 2. Holsapple's Failure To Indorse Each Individual Take Notice

■ Section 22—40 of the Tax Code requires "strict compliance" regarding the notice provisions of the Tax Code, that is, sections 22—10 through 22—25. 35 ILCS 200/22—40, 22—10 through 22—25 (West 1998). The take notice served on Ballinger strictly complied with those provisions. The only error in service even alleged is under the Counties Code, which calls for a sheriff's indorsement on the face of a summons served by a special deputy. Here, Holsapple's indorsement was attached to the petition filed by the Trustee with the circuit court. We conclude that this was sufficient.

We evaluate a summons served with its purpose in mind; that is, to notify a party that an action has been commenced against him. In so doing, we adhere to the principle that a court should not elevate form over substance, but should construe a summons liberally. *Novak*, 218 Ill. App. 3d at 552, 578 N.E.2d at 631. The service of process in this case was sufficient because sections 22—10 through 22—25 of the Tax Code do not require that take notices be indorsed. Thus, the take notice strictly complied with the notice provisions of the Tax Code; Krieger was authorized to serve the take notice, and the notice served its intended purpose—to notify Ballinger of the sale of his property.

In so concluding, we note that *In re Application of the County Collector*, 295 Ill. App. 3d 703, 692 N.E.2d 1211 (1998), cited by Ballinger, is inapposite to the case at bar. There, the court held that strict compliance with section 22—10 required the complete certificate number to appear in the blank provided on the take notice form. The deficiency in that case, where the prefix to the certificate number was omitted, affected a substantive element of the notice. Again, the deficiency of which Ballinger complains does not pertain to the take notice itself or the requirements of the Tax Code.

In *Illinois Land & Loan Co. v. McCormick*, 61 Ill. 322 (1871), also cited by Ballinger, the court held that a special deputy was unauthorized to serve a summons absent a written appointment. The holding in *Illinois Land & Loan* is not binding here, where Krieger's authority to serve is not at issue because he was properly appointed a special deputy in writing. That case does not hold that the lack of an indorsement alone is a defect so significant as to void efficacy of a summons.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

McCULLOUGH and GARMAN, JJ., concur.