Matter of Rokeach v Salamon (2021 NY Slip Op 02393)





Matter of Rokeach v Salamon


2021 NY Slip Op 02393


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-00203
2019-02972
 (Index No. 513762/18)

[*1]In the Matter of Rivky Rokeach, etc., appellant,
v
Barry J. Salamon, respondent. Felipe Orner, Flushing, NY, for appellant.


Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York, NY (Michael E. Greene and Zachary M. Seelenfreund of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated November 1, 2017, the petitioner appeals from (1) an order of the Supreme Court, Kings County (Theresa Ciccotto, J.), dated December 19, 2018, and (2) an order of the same court dated February 13, 2019. The order dated December 19, 2018, in effect, denied the petition to confirm the arbitration award and granted the respondent's cross petition to vacate the award. The order dated February 13, 2019, insofar as appealed from, denied the petitioner's motion for leave to renew the petition to confirm the arbitration award.
ORDERED that the appeal from the order dated February 13, 2019, is dismissed as academic in light of our determination of the appeal from the order dated December 19, 2018; and it is further,
ORDERED that the order dated December 19, 2018, is reversed, on the law, the petition is granted, and the cross petition is denied; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
Prior to marrying in a Jewish ceremony, the petitioner and the respondent entered into a prenuptial agreement which contained an arbitration clause pursuant to which they agreed to submit any controversy or claim arising thereunder to arbitration before a Bais Din, a rabbinical tribunal. When the relationship deteriorated, the parties submitted their dispute to arbitration before a Bais Din made up of three Rabbis, who issued an award which granted the petitioner maintenance of $10,000 per month, awarded the petitioner $150,000, covering all of the respondent's obligations to the petitioner up until the date of the award, to be held in escrow until the petitioner accepted a religious divorce, known as a Get, and directed the respondent to arrange for issuance of a Get by November 20, 2017.
The petitioner commenced this proceeding to confirm the award, contending that the [*2]respondent did not arrange for issuance of a Get, and demanding judgment for $150,000 plus $10,000 for each month thereafter that the respondent failed to arrange for issuance of a Get. The respondent cross-petitioned to vacate the award, claiming that his obligation to the petitioner terminated when she allegedly left the marital residence. He further claimed that the petitioner refused to accept the Get in order to prolong his obligation to pay maintenance. However, no evidence was submitted that he arranged for issuance of a Get.
The petitioner, in opposition, asserted that the respondent failed to provide her with a Get, and, since he was in default of that provision, he was obligated to pay her $10,000 per month until confirmation of the arbitration award.
The Supreme Court, in an order dated December 19, 2018, vacated the award, finding, in effect, that a provision thereof requiring the respondent to pay the petitioner $10,000 per month was indefinite, on the ground that the award failed to specify how the arbitrators arrived at that figure, or the duration of that obligation; therefore the arbitrators "so imperfectly executed [their powers] that a final and definite award upon the subject matter submitted was not made" (CPLR 7511[b][1][iii]).
The petitioner moved for leave to renew, submitting an affidavit of one of the Rabbis on the Bais Din that rendered the arbitration award, who explained that the award required the respondent to pay the petitioner $10,000 per month until he obtained a Get, which a husband is required to give a wife in order to effectuate a divorce in accordance with the parties' Jewish religion. The motion for leave to renew was denied in the second order on appeal, dated February 13, 2019, on the ground that the petitioner "failed to proffer new evidence not previously presented."
Contrary to the conclusion of the Supreme Court, the arbitrators were not required to give reasons for their arbitration award (see Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C., 24 AD3d 778; Matter of Nationwide Mut. Ins. Co. v Steiner, 227 AD2d 563). Further, the arbitration award did not leave the parties unable to determine their rights and obligations, resolved the controversy before the arbitrators, and did not create a new controversy; therefore, the arbitration award was not indefinite or nonfinal for purposes of CPLR 7511 (see Meisels v Uhr, 79 NY2d 526, 536). The respondent's obligation to pay maintenance continued because he failed to arrange for issuance of a Get and termination of the marriage—not because the terms of the arbitration award were not definite.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court