2021 IL App (1st) 200258-U

No. 1-20-0258

Order filed June 17, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| IN RE MARRIAGE OF | ) | Appeal from the |
| ORTAL BASIL, | ) | Circuit Court of |
| | ) | Cook County. |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | 16 D 11468 |
| | ) | |
| ROIE BASIL, | ) | |
| | ) | Honorable |
| Respondent-Appellant, | ) | Myron F. Mackoff, |
| | ) | Judge Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's exercise of personal jurisdiction over respondent-appellant Roie Basil was proper where the court did not err in denying his motion to quash service of summons.

¶ 2    This appeal concerns a post-decree dissolution of marriage action between petitioner-appellee Ortal Basil and her former husband, respondent-appellant Roie Basil. Respondent contends on appeal that the circuit court erred in denying his motion to quash service of process and that the circuit court improperly allowed a witness to be questioned concerning his

knowledge of the pending litigation.

¶ 3    In this appeal, respondent argues that: (1) the summons issued and served on him with the petition for dissolution of marriage was improper as it was the same summons used to serve him with an order of protection under section 210(a) of the Illinois Domestic Violence Act of 1986 (750 ILCS 60/210(a) (West 2014)); (2) the summons was "stale" and ineffective to provide the circuit court with personal jurisdiction because it was placed with the special process server 21 days after the original issue date; (3) the special process server's testimony at the hearing on the motion to quash service was conflicting and lacked credibility; and (4) the circuit court erred during the hearing on the motion to quash service by allowing petitioner's attorney to question respondent about his alleged knowledge of the pendency of the underlying dissolution action. For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 4    Initially, we note that petitioner-appellee did not file a brief with this court. However, the respondent's brief, along with the common law record, are sufficient to resolve the merits of this appeal without aid of the petitioner's brief. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 5                                    I. BACKGROUND

¶ 6    The following background facts and procedural history are taken from the common law record and respondent's brief. Ortal and Roie Basil were married in Kfar Sava, Israel on August 20, 2009. Three children were born to the marriage: Eden, Tamar, and Daniel. Although both are citizens of Israel, at some point prior to their marriage the couple moved to the United States and, after residing in Green Bay, Wisconsin for a few years, finally settled in the Chicago area.

_____

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

¶ 7     In 2016, respondent and petitioner appeared before a Beth Din Rabbinical Court of Justice where the parties' marriage was "dissolved" according to Jewish custom by obtaining a "Get."[2] When questioned at a hearing before the circuit court, Ortal explained: "I got married in Israel in Jewish way. So I need to divorce in Jewish way." Petitioner subsequently initiated the underlying action on December 14, 2016, by filing a summons and petition for dissolution of marriage in the circuit court of Cook County alleging irreconcilable differences. The summons and petition were placed for service with the Sheriff of Cook County.

¶ 8     The sheriff's affidavit of service showed that he attempted to serve respondent at an address on Howard Street in Chicago, Illinois, on January 5, 2017, at 4:00 p.m. The attempted service was unsuccessful due to "no contact." The sheriff again attempted to serve respondent at the same address on January 17, 2017, at 2:35 p.m. This time, the attempted service was unsuccessful due to "not listed."

¶ 9     On January 18, 2017, petitioner filed an *ex-parte* emergency petition for an order of protection requesting in part that the court: (1) grant her exclusive possession of the martial residence for the remainder of the pending proceedings; (2) deny respondent further parenting time until further order of court; and (3) prohibit respondent from transferring or otherwise disposing of any martial assets. Within petitioner's supporting affidavit and exhibits, she averred, among other things, that respondent—who vacated the marital residence—had threatened her and threatened to take their children to New York without her consent. Petitioner further averred that respondent had broken into her garage, withdrawn large sums of money from their business checking account, and purchased a 2007 Bentley Coupe and Rolex watch.

---

[2] "Get" is a Jewish divorce decree a husband is required to give his wife in order to effectuate a divorce in accordance with the parties' Jewish faith. See *In re Matter of Rokeach*, 142 N.Y.S.3d 420, 421 (2d Dep't 2021). In Jewish culture the Beth Din is empowered to adjudicate cases involving religious law. *Matter of Meisels v. Uhr*, 79 N.Y.2d 526, 531-32 (1992).

¶ 10    On January 19, 2017, the circuit court issued an emergency order of protection on behalf of petitioner and the parties' children. A summons was also issued on the same date. The emergency order of protection was to remain in effect until February 9, 2017.

¶ 11    The sheriff's affidavit of service indicates that the sheriff again attempted personal service on respondent. In addition to the petition for dissolution, the sheriff attempted to serve the emergency order of protection. All attempts at service were unsuccessful due to "no contact."

¶ 12    On February 9, 2017, the circuit court granted the petitioner's motion to appoint Roni Arusi as special process server and for the issuance of an alias summons. The circuit court also issued a disposition order extending the emergency order of protection to the next hearing date, March 2, 2017.

¶ 13    On March 1, 2017, Arusi filed an affidavit attesting that on February 18, 2017, at 10:10 a.m., he personally served respondent with a summons, petition for dissolution of marriage, emergency order of protection, petition for emergency order of protection, and the disposition order extending the emergency order of protection. Arusi attested that he served respondent at their mutual synagogue, Ohel Shalom, in Chicago, Illinois. A copy of Arusi's affidavit was mailed to respondent that same date by certified mail.

¶ 14    On March 24, 2017, the circuit court, after finding that respondent had failed to answer or appear, entered a default judgment of dissolution of marriage along with a uniform order of child support.

¶ 15    Approximately one year later, on March 9, 2018, petitioner filed a petition for adjudication of indirect civil contempt against respondent based on his failure to pay court-ordered child support. On March 27, 2018, the circuit court issued a rule to show cause why respondent should not be held in indirect civil contempt of court for his failure to pay child support. The rule to show

4

cause was returnable on May 17, 2018, and respondent was ordered to appear for hearing on the rule.

¶ 16    Respondent failed to appear for the hearing and the court entered an order finding him in indirect civil contempt. However, the court stayed enforcement of the order and ordered respondent to appear the following week.

¶ 17    Respondent again failed to appear on May 24, 2018, though the notice requiring him to do so was sent to him by registered mail, email, and text message. The circuit court issued a body attachment[3] and set the child-support purge at $15,000. Over the course of the next 12 months, the sheriff made several unsuccessful attempts to personally serve respondent with the body attachment at the Howard Street address.

¶ 18    On July 31, 2019, approximately two and half years after entry of the judgment of dissolution of marriage and uniform order of child support, respondent filed his motion to quash service of process. In his motion to quash, respondent argued that the special process server's affidavit was defective as it failed to contain the complete date it was served. Respondent also argued that the special process server was not a disinterested party because he was married to the petitioner's sister. The motion also referenced an affidavit from respondent attesting that he was never served with any of the documents listed in the special process server's affidavit.

¶ 19    On January 13, 2020, following briefing and a hearing, the circuit court denied respondent's motion to quash service. Respondent now appeals that ruling.

¶ 20                                    II. ANALYSIS

¶ 21                                 A. Standards of Review

---

[3] An attachment order shall direct the Sheriff of any county in Illinois to take a person into custody to either (1) appear before the court that issued the attachment, or (2) post a bond equal to the amount ordered by the court. See 750 ILCS 5/713(a), (b) (West 2016).

¶ 22    When the circuit court conducts an evidentiary hearing on the issue of personal jurisdiction and makes factual findings, we review its relevant factual findings under the manifest weight of the evidence standard. *Madison Miracle Productions LLC v. MGM Distribution Co.*, 2012 IL App (1st) 112334, ¶ 39. However, whether the circuit court obtained personal jurisdiction over a party is a question of law that is reviewed *de novo*. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17.

¶ 23    In this appeal, respondent argues that the circuit court erred in denying his motion to quash service of process. Respondent's arguments require this court to construe and apply sections of the Illinois Marriage and Dissolution Act (Dissolution Act) (750 ILCS 5/101 *et seq.* (West 2012)), Illinois Domestic Violence Act of 1986 (Domestic Violence Act) (750 ILCS 60/101 *et seq.* (West 2014)), and the Illinois Code of Civil Procedure (Code) (735 ILCS 5/101 *et seq.* (West 2014)).

¶ 24    Issues of statutory construction are questions of law, which we review *de novo*. *Krautsack v. Anderson*, 223 Ill. 2d 541, 553 (2006). The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 56. The most reliable indicator of this intent is the language of the statute itself, which must be given its plain and ordinary meaning. *Gaffney*, 2012 IL 110012, ¶ 56; *Krautsack*, 223 Ill. 2d at 553. In determining the intent of the legislature, the court may consider not only the language of the statute, but also the reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved. *In re Detention of Liberman*, 201 Ill. 2d 300, 308 (2002).

¶ 25                                    1. Form of the Summons

¶ 26    Respondent contends that the default judgment is void for lack of personal jurisdiction as the summons used to serve him with the petition for dissolution of marriage was improper in that

it was originally issued to serve him with an order of protection under the Domestic Violence Act, which requires a separate summons be served. In support of this contention, respondent relies on language in section 210(a) of the Domestic Violence Act which provides that: "Any action for an order of protection, whether commenced alone or in conjunction with another proceeding, is a distinct cause of action and requires that a separate summons be issued and served[.]" 750 ILCS 60/210(a) (West 2014). Respondent asserts that he "was never served with a Summons which had been properly issued so as to serve the Petition of Dissolution of Marriage, as the Summons purportedly used had been issued to serve the Order of Protection."

¶ 27    "The purpose of a summons is to 'notify a party that an action has been commenced against him.' " *MI Management, LLC v. Proteus Holdings, LLC*, 2018 IL App (1st) 160972, ¶ 39 (quoting *In re Application of the County Treasurer & Ex Officio County Collector*, 307 Ill. App. 3d 350, 355 (1999)). Illinois Supreme Court Rule 101 (eff. July 17, 2020) provides instruction regarding the form of the summons.[4] See *Lisle Savings Bank v. Tripp*, 2021 IL App (2d) 200019, ¶ 12. At the time respondent was served with the subject summonses, subsection (a) of Rule 101 provided in relevant part:

> "The summons shall be issued under the seal of the court, tested in the name of the clerk, and signed with his name. It shall be dated on the date it is issued, shall be directed to each defendant, and shall bear the address and telephone number of the plaintiff or his attorney ***." 166 Ill.2d R. 101(a).

Moreover, subsection (g) of the rule provided that: "The use of the wrong form of summons shall not affect the jurisdiction of the court." 166 Ill.2d R. 101(g).

¶ 28    "In determining whether a summons was sufficient to provide the opposing party with

---

[4] Illinois Supreme Court Rule 101 was amended in 2018 to require electronic filing of documents in civil cases with limited exceptions.

notice of the action 'we adhere to the principle that a court should not elevate form over substance, but should construe a summons liberally.' " *MI Management, LLC*, 2018 IL App (1st) 160972, ¶ 39 (quoting *In re Application of the County Treasurer*, 307 Ill. App. 3d at 355). Accordingly, our courts have emphasized that in determining whether alleged technical defects or irregularities in the form of a summons are so severe as to preclude the court from obtaining personal jurisdiction over a party, substance must be placed over form, and the court must assess whether the summons adequately notified the party that an action had been commenced against him or her. See *Bankunited, National Association v. Giusti*, 2020 IL App (2d) 190522, ¶ 30; *MI Management, LLC*, 2018 IL App (1st) 160972, ¶ 39.

¶ 29    A review of the summonses issued in this matter reveal they were sufficient in form and content to comply with the provisions of Rule 101 in that they accomplished their intended purpose of notifying respondent that petitioner had commenced an action for dissolution of marriage in the circuit court of Cook County and that she had obtained an *ex parte* order of protection against him.

¶ 30    In this case, respondent offers no explanation as to how any of the alleged defects or irregularities in the form of the summonses he was served frustrated his ability to understand that petitioner had commenced an action for dissolution of marriage in the circuit court of Cook County and that she had obtained an *ex parte* order of protection. Therefore, we find that the alleged defects or irregularities in the form of the summonses did not preclude the circuit court from obtaining personal jurisdiction. See, *e.g.*, *Bankunited, National Association*, 2020 IL App (2d) 190522, ¶ 30 (defects in summons were not so severe as to preclude circuit court of personal jurisdiction as they did not frustrate mortgagor's ability to understand that a foreclosure proceeding had been commenced against him); *Ocwen Loan Servicing v. Degomez*, 2020 IL App (2d) 190774, ¶ 21 (same); *MI Management, LLC*, 2018 IL App (1st) 160972, ¶ 55 (technical deficiencies in summons

did not deprive circuit court of personal jurisdiction as they did not frustrate appellee's ability to understand that garnishment proceedings had been commenced against it). In light of this precedent, if this court were to accept respondent's arguments the result would promote form over substance and frustrate the purpose that service of process is designed to accomplish, which is to notify a party that an action has been commenced against him or her and afford adequate time and opportunity to appear and defend the action.

¶ 31    Respondent next contends that the summons served by the special process server was "stale" as it was served after expiration of the time for service of the summons and was therefore ineffective to establish personal jurisdiction. Supreme Court Rule 102(b) provides that a summons must be served no later than 30 days after its date. Ill. S. Ct. R. 102(b) (eff. July 1, 1971). Respondent maintains that the special process server claimed he effected service on February 18, 2017, which was 30 days from issuance of the January 19, 2017, summons designated to serve the order of protection. Respondent argues that as a result, petitioner failed to serve the summons within the thirty-day window.

¶ 32    As the circuit court properly found, respondent waived this argument by failing to raise it in his motion to quash service. It is well settled that arguments not raised in the circuit court are deemed waived and may not be raised for the first time on appeal. *Haudrich v. Howmedica, Inc.,* 169 Ill. 2d 525, 536 (1996). It is also well settled that unlike subject-matter jurisdictional objections, which cannot be waived and may be raised at any time, objections to personal jurisdiction and improper service may be waived. *People v. Matthews*, 2016 IL 118114, ¶¶ 18-19.

¶ 33    In an effort to avoid application of the waiver rule during the hearing on the motion to quash service, respondent's counsel argued that even though he never raised the issue of the stale summons in his motion, he was "raising it now." Counsel maintained that the issue was "part of

the record" and that the court could not ignore the issue "whether it's raised or not." The circuit court judge responded in part that it was not his job to search through the record to see "when the summons was issued."

¶ 34    This court could not agree more with the circuit court judge's insightful comments. Courts are not expected to search through the record in order to develop argument for a party. *New v. Pace Suburban Bus Service*, 398 Ill. App. 3d 371, 384 (2010). "Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters v. Nadell*, 481 Mich. 377, 388, 751 N.W.2d 431, 437 (2008).

¶ 35    Finally, respondent contends that the special process server's testimony at the hearing on the motion to quash service was conflicting and lacked credibility. Respondent also argues that the circuit court erred during the hearing on the motion by allowing petitioner's attorney to cross-examine respondent about his alleged knowledge of the pendency of the underlying dissolution action. These arguments essentially involve challenges to the circuit court's credibility determinations made at the evidentiary hearing. The cross-examination of respondent was proper in order to permit the circuit court to assess his credibility regarding his awareness of the underlying dissolution action, his awareness that the deputy sheriff was attempting to serve him, and whether he was deliberately avoiding service.

¶ 36    These issues of credibility and any inconsistencies in the evidence were properly before the circuit court as the trier of fact. As a reviewing court, we cannot substitute our judgment for that of the circuit court which heard the witnesses and assessed their credibility. *In re V.Z.*, 287 Ill. App. 3d 552, 565 (1997). In light of the evidence presented at the evidentiary hearing and, given the fact that a party's uncorroborated testimony that he or she was never served is insufficient to

overcome the presumption of service (*Charles Austin, LTD v. A-1 Food Services, Inc.*, 2014 IL App (1st) 132384, ¶ 16), we cannot find that the circuit court erred in denying respondent's motion to quash service.

¶ 37                              III. CONCLUSION

¶ 38    We conclude that the circuit court obtained personal jurisdiction over respondent through valid service of process. Accordingly, the circuit court's denial of respondent's motion to quash service of process was appropriate and is affirmed.

¶ 39    Affirmed.